**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| FLORENCE D. PETTY, | DOCKET NUMBER |
| Appellant, | DC-0752-16-0511-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: April 10, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Florence D. Petty, Capitol Heights, Maryland, pro se.

LaDonna L. Griffith-Lesesne, Esquire, Landover, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed the appeal as barred by the doctrines of res judicata and collateral

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

estoppel and as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify that the appellant's appeal should have been dismissed as barred by the doctrine of collateral estoppel and as untimely filed, we AFFIRM the initial decision.

## BACKGROUND

¶2        The background of this case is set forth in detail in *Petty v. U.S. Postal Service*, MSPB Docket No. DC-3330-16-0166-I-1, Initial Appeal File (0166 IAF). The appellant was employed by the agency as a Management Analyst, EAS-19, in Largo, Maryland. 0166 IAF, Tab 5 at 24, 86. On July 1, 2014, the appellant was placed on a Success Improvement Plan (SIP) to address performance issues. *Id.* at 131-33. After failing to successfully perform under the SIP, the agency issued a Notice of Proposed Letter of Warning in Lieu of a 14-Day Time-Off Suspension (LOW). *Id.* at 81-84. The appellant requested mediation regarding the LOW. *Id.* at 79. As a result of the mediation, the appellant and the agency entered into a settlement agreement wherein the agency agreed to hold discipline in abeyance for 90 days to allow the appellant to look for a different position. *Id.* at 72-73. If

the appellant were unable to secure a different position at the end of the 90 days, the settlement agreement dictated that she would agree to outplacement by the agency at the highest level she was deemed qualified to fill. *Id.*

¶3      The appellant failed to obtain a new position within the 90 days, and on May 6, 2015, the agency notified her that it was reassigning her to the position of Secretary, EAS-11, in the Operational Supplies & Mail Transport Equipment Category Management Center, effective May 16, 2015.[3] *Id.* at 53. Two months later, the appellant filed a formal equal employment opportunity (EEO) complaint alleging that her reassignment was based on race and age discrimination and was in retaliation for her having engaged in prior EEO activity. *Id.* at 19. On October 15, 2015, the agency issued its final decision on the appellant's complaint finding no discrimination. *Id.* at 19-48.

¶4      The appellant filed an appeal with the Board alleging an involuntary reduction in grade, pay, or band due to alleged age and race discrimination, retaliation for prior EEO activity, and her status as a veteran entitled to a 10-point preference. 0166 IAF, Tab 1 at 6, 9-12. The agency argued that the Board lacked jurisdiction over the appeal because the appellant's reduction in grade was a product of a settlement agreement into which she voluntarily entered. 0166 IAF, Tab 5 at 7-13. The administrative judge informed the appellant of her jurisdictional burden and ordered her to show cause why her appeal should not be dismissed for lack of jurisdiction. 0166 IAF, Tab 6 at 3-5. The appellant responded by arguing that she signed the negotiated settlement agreement under duress because it was offered as an alternative to a proposed 14-day suspension. 0166 IAF, Tab 11 at 2-4.

¶5      On February 25, 2016, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction because the appellant failed to make a nonfrivolous allegation that her execution of the settlement agreement, which

---

[3] The Postal Service Form 50 commemorating this action indicates that the effective date was June 27, 2015. 0166 IAF, Tab 5 at 51.

led to her acceptance of the reduction in grade, was the product of agency coercion or misinformation. *Petty v. U.S. Postal Service*, MSPB Docket No. DC-3330-16-0166-I-1, Initial Decision (Feb. 25, 2016); 0166 IAF, Tab 12, Initial Decision (0166 Initial Decision) at 2-6. The appellant did not file a petition for review with the Board, and the initial decision became final on March 31, 2016. *Id.* at 7.

¶6 Less than 1 month after that initial decision became final, the appellant filed the instant appeal with the Board. *Petty v. U.S. Postal Service*, MSPB Docket No. DC-0752-16-0511-I-1, Initial Appeal File (0511 IAF), Tab 1. With minimal detail, the appellant challenges her reduction in grade for a second time. *Id.* at 2-5. The agency filed a motion to dismiss the appeal as barred by the doctrines of res judicata and collateral estoppel, for lack of jurisdiction, and as untimely. 0511 IAF, Tab 4 at 7-9. The appellant responded, requesting "an Appeal" and a review of her case and challenging the merits of the reassignment. 0511 IAF, Tab 8 at 4-14. The administrative judge ordered the appellant to show cause why the appeal should not be dismissed on res judicata, collateral estoppel, or timeliness grounds, but the appellant's response addressed only the question of timeliness. 0511 IAF, Tab 13 at 1-6, Tab 14 at 2-4.

¶7 Without a hearing, the administrative judge issued an initial decision dismissing the appeal as barred by res judicata and collateral estoppel and as untimely. 0511 IAF, Tab 17, Initial Decision (ID) at 2-4. The administrative judge determined that the appellant raised the same issues and claims in the instant appeal that were raised in her prior case and that all of the elements were satisfied for the application of res judicata.[4] ID at 3. The administrative judge

---

[4] Neither the order to show cause nor the initial decision provided notice of the elements of collateral estoppel. 0511 IAF, Tab 13 at 1-2; ID at 2-3. Nonetheless, this lack of notice was cured by an agency submission, wherein it explained the elements of collateral estoppel and provided notice of the appropriate analysis. 0511 IAF, Tab 4 at 8; *see Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007).

also found that the appeal was untimely and that the appellant failed to demonstrate good cause for the untimely filing.  ID at 3-4.

¶8      The appellant has filed a petition for review in which she does not address the issues of res judicata, collateral estoppel, or timeliness but, instead, challenges the agency's concerns regarding her performance prior to her reassignment and its actions regarding the SIP.  *Petty v. U.S. Postal Service*, MSPB Docket No. DC-0752-16-0511-I-1, Petition for Review (PFR) File, Tab 1 at 1-5.  The agency has filed in opposition to the appellant's petition arguing that she failed to demonstrate any error in the initial decision.  PFR File, Tab 3 at 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The instant appeal is barred by collateral estoppel.

¶9      The doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) both concern the preclusive effect of a prior adjudication and are based on similar policy concerns—to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 336-37 (1995).  Here, the administrative judge found that the appellant's reduction in grade claim was barred by res judicata and collateral estoppel but only provided an analysis under res judicata.  ID at 3.  We find this to be an error, as a dismissal of a prior case for lack of subject matter jurisdiction cannot be given res judicata effect.  *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 9 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017).

¶10      Unlike res judicata, however, the doctrine of collateral estoppel can be used to determine whether a previous adjudication of a jurisdictional issue precludes its relitigation.  *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶¶ 15-16 (2005).  Collateral estoppel, or issue preclusion, is appropriate when:  (1) the issue is identical to that involved in the prior action; (2) the issue was actually

litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or one whose interests were otherwise fully represented in that action. *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988); *McNeil*, 100 M.S.P.R. 146, ¶ 15. A dismissal for lack of jurisdiction generally precludes a second action in the same forum seeking to relitigate the same jurisdictional issue. *Coats v. U.S. Postal Service*, 111 M.S.P.R. 268, ¶ 8 (2009).

¶11     The elements of collateral estoppel are present in this appeal. The question of whether the Board has jurisdiction over a reduction in grade that was the result of a voluntarily entered into settlement agreement is identical to the issue decided in the previous case. 0166 Initial Decision at 2-6. The parties actually litigated the issue in the previous action, the administrative judge issued jurisdictional orders informing the appellant of her jurisdictional burden, and both parties submitted pleadings on that issue. 0166 IAF, Tabs 5-11. The resolution of that question was necessary to the resulting judgment because the administrative judge dismissed the appeal for lack of jurisdiction, and the appellant was a party fully represented by counsel in the previous action. 0166 IAF, Tab 4 at 2; 0166 Initial Decision at 6. Because the four criteria for the application of collateral estoppel are met, we find that the appellant is precluded from relitigating the previously decided jurisdictional issue. *E.g.*, *McNeil*, 100 M.S.P.R. 146, ¶¶ 15-16. Although we agree with the administrative judge's ultimate conclusion that the claim is barred, we find that it is barred by collateral estoppel, rather than by res judicata. We find the administrative judge's error in this regard to be harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>The appeal was untimely filed with no good cause shown for the delay.</u>

¶12    The administrative judge also dismissed the appeal as untimely.  ID at 4.  The appellant does not challenge this ruling on review.  The appellant's appeal documents below indicate that the action being appealed was her reduction in grade, which was effective on June 27, 2015, at the latest.  0511 IAF, Tab 1 at 2-6; 0166 IAF, Tab 5 at 51, 53.  The Board requires that appeals must be filed within 30 days of the effective date of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b).  The Board will waive its filing deadline only upon a showing of good cause for the delay.  5 C.F.R. § 1201.114(g).  Here, the administrative judge determined that the appellant's instant appeal, filed on April 18, 2016, was untimely and that she failed to establish good cause for the delay.  ID at 4.  After our review of the record, we agree with the administrative judge and, therefore, find no basis to disturb these findings.  Based on the foregoing, we affirm the initial decision as modified and deny the appellant's petition for review.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
_____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.